

FILED

JUN 0 7 2017

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JAMEISON BEAM,<br><br>Petitioner,<br><br>vs.<br><br>JASON JARRET, ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 17-23-BU-BMM-JCL<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This case comes before the Court on Petitioner Jameison Beam's application for writ of habeas corpus under 28 U.S.C. § 2254. Beam is a state prisoner proceeding pro se. On April 20, 2017, Beam was ordered to show case as to why his petition should not be dismissed as time-barred and procedurally defaulted. (Doc. 3). Beam timely responded.[1]

### I. Procedural History

Beam challenges a conviction for sexual intercourse without consent

---

[1] Beam subsequently filed a supplement to his response to the order to show cause. The document consists of a "civil investigation demand" wherein Beam alleges the Gallatin County Attorney's Office is engaged in racketeering in violation of federal law, (doc. 7 at 1), and a "brief" alleging that the Gallatin County Detention Center, judges, and public defenders are colluding with the County Attorney's Office to frustrate Beam's individual rights. *Id.* at 3. The filing also contains two handwritten pages that appear to have been sent to the Office of Disciplinary Counsel. *Id.* at 2, 4.

1

imposed following a plea of guilty in Montana's Eighteenth Judicial District, Gallatin County, on July 15, 2013. (Doc. 1 at 1). Beam was sentenced to serve ten (10) years with all of that time suspended. *Id.* at ¶ 3. Beam is currently incarcerated in the Gallatin County Detention Center. The Court has reviewed the docket from the underlying sexual assault case[2] and has learned Beam is currently involved in revocation proceedings stemming from his 2013 sentence. It is unclear whether or not Beam also faces new criminal charges.

Beam acknowledges he did not file a direct appeal from the judgment of conviction, *id.* at 2, ¶¶ 8, 9(g). But, Beam does indicate that he sought other collateral review in the Montana Supreme Court, although he does not provide a case number. *Id.* at 3, ¶11(a)(1)-(3). A review of the Montana Supreme Court docket does not reveal any matters to which Beam is a party, but the trial court docket for the 2013 case does reveal that in March of this year, Beam attempted to have Judge McElyea removed from presiding over his case. The Montana Supreme Court denied Beam's motion to disqualify. See, *Gallatin County Case Register Report*, Doc. Seq. 230.

Beam indicated that he sought postconviction DNA testing in order to support a claim of innocence, but that the claim was denied in March of 2017.

---

[2] A court may take judicial notice of a state court's records that are directly related to a federal habeas petition, *Trigueros v. Adams*, 658 F. 3d 983, 987 (9th Cir. 2011), and "not subject to reasonable dispute." Fed. R. Evid. 201(b).

2

(Doc. 1 at 3, ¶11(a)(5), 6 at ¶12(d)(2)). A review of the Gallatin County Case Register Report shows that Beam's motion was filed on March 16, 2017. Beam also reflects that he moved to withdraw his guilty plea. The Case Register Report shows this motion was filed on June 16, 2015, and a hearing was held on March 9, 2016. *Gallatin County Case Register Report*, at Doc. Seq. 136 and 169. Beam's motion was denied on May 10, 2016. *Id.* at Doc. Seq. 173.

Beam alleges, he was denied postconviction DNA testing and has "newly discovered evidence which "presents the presumption of innocence," (doc. 1 at 5, ¶12(a)), he was denied effective assistance of counsel (*id.* at 7), the trial court and the prosecutor's office have engaged in "criminal use of office" (*id.* at 8), and that he has been denied his right to life, liberty, and happiness (*id.* at 10). Of the four claims that Beam advances in his petition, Beam acknowledges none have been fairly presented to the Montana state courts. See, (Doc. 1 at 5, 7-8, 9, 11-12).

## II. Analysis

Based upon a review of Beam's response to the Order to Show Cause, it appears that Beam's petition is both untimely and procedurally defaulted. This Court recommends dismissal with prejudice.

### A. Federal Statute of Limitations

A one-year limitations period applies to petitions filed by state prisoners under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244. Absent a reason to apply one of the

3

other "trigger" dates in 28 U.S.C. § 2244(d)(1), Beam's federal petition had to be filed within one year of the date his conviction became final. 28 U.S.C. § 2244(d)(1)(A). Because he did not file a timely notice of appeal in state court, his conviction became final 60 days after entry of the written judgment, on Monday, September 16, 2013. *See* Pet. (Doc. 1) at 1; Mont. R. App. P. 4(5)(b)(i) (2008); *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 653-54 (2012). That is the date on which Beam's federal limitations clock began running.

i. **Statutory Tolling**

Federal time is tolled while a state prisoner has a "properly filed application for State postconviction or other collateral review" pending in state court. 28 U.S.C. § 2244(d)(2). Although Beam made passing reference to collateral proceedings in his petition, they were not discussed in his response to the Order to Show Cause. See generally, (Doc. 6). Additionally, in his response Beam did not assert that his petition is timely. Out of an abundance of caution, however, the Court has reviewed the state court docket in an effort to determine whether or not Beam's petition is timely and to what extent he is entitled to statutory tolling. Even giving Beam the most generous assessment of this statutory analysis, his petition, as discussed herein, is untimely.

On July 14, 2014, Beam filed for sentence review. See, *Gallatin County Case Register Report*, Doc. Seq. 127. This collateral filing tolled Beam's federal

filing clock, but 301 days had already passed. Beam's sentence was affirmed by the Montana Sentence Review Division on November 28, 2014. *Id.* at Doc. Seq. 134. At that point, Beam had until Monday, February 2, 2015, to timely file his federal petition. Beam's petition was not filed until April 12, 2017,[3] under this analysis, his petition is over two years late.

Shortly after Beam's sentencing, but prior to his filing for sentence review, revocation proceedings were initiated against him. Even if this Court were to construe that Beam somehow believed his federal period of limitations should have been tolled until the Sentence Review's decision was handed down on November 28, 2014, the petition is still untimely. Starting from that date, 203 days passed before Beam filed the collateral motion to withdraw his guilty plea on June 19, 2015. The trial court's decision denying his motion was issued on May 11, 2016. At that point, Beam had 162 days remaining in which to file his federal petition. Thus, giving Beam the benefit of all conceivable doubt, he should have filed in this Court no later than Thursday, October 20, 2016. Beam's petition was not filed until April 12, 2017. Under this lenient calculation, Beam's petition is still six months late.

Moreover, Beam's motion for DNA testing filed in the trial court has no effect on either statutory analysis because it was not filed until March 16, 2017,

---

[3] See *Houston v. Lack*, 487 U.S. 266, 276 (1988)(applying the prison "mail box rule" to habeas petitions).

well after either the conservative or more forgiving statutory filing deadline had passed.

### ii. Equitable Tolling

Beam believes he should be entitled to equitable tolling. But he has failed to make the requisite showing necessary to invoke equitable tolling.

The statutory limitations period is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010). A petitioner may be entitled to equitable tolling if he can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness… and that the extraordinary circumstances made it impossible to file a petition on time." *Ramirez v. Yates*, 571 F. 3d 993, 997 (9th Cir. 2009). The high threshold of an extraordinary circumstance is necessary, "lest the exceptions swallow the rule." *Mendoza v. Carey*, 449 F. 3d 1065, 1068 (9th Cir. 2006). The burden is on the petitioner to establish that equitable tolling is warranted. *Pace*, 544 U.S. at 418. Beam has failed to make either showing, that an extraordinary circumstance stood in the way of his timely filing his federal petition or that he pursued his rights diligently.

Beam first asserts that his untimeliness should be excused because his

counsel failed to provide effective assistance and due process. (Doc. 6 at 1). He explains that his attorney failed to file appeals or any motions on Beam's behalf or inform Beam of his right to appeal. But, the state court docket belies Beam's assertions.

Review of the state court docket reveals that on the underlying charges, trial counsel filed a two motions to modify the court's bail order (Doc. Seqs. 30 and 43) as well as a Motion to Suppress (Doc. Seq. 45). A hearing was held on the bail modification motions (Doc. Seq. 47) as well as the motion to suppress (Doc. Seq. 60). Ultimately, Beam entered a plea of guilty (Doc. Seq. 67) and executed an Acknowledgment and Waiver of Rights by Guilty Plea (Doc. Seq. 68). It is unclear whether or not the plea agreement Beam entered into contained an appeal waiver. But even if it is assumed the agreement contained an appeal waiver, such a provision would not be unreasonable.

Moreover, there is nothing aside from Beam's own assertion to support his claim that he was not advised of his appellate rights. It is unclear to this Court, following Beam's apparently knowing entry of a guilty plea, what claim he would have advanced on direct appeal. Additionally, the Court notes that within nearly the same window of time that Beam would have had to file his notice of appeal, a Report of Violation, Affidavit of Probable Cause in Support of Petition to Revoke, Petition to Revoke, and Bench Warrant for Beam's arrest were all lodged with the

trial court. (Doc. Seq. 90-93).

Beam goes on to explain that in his view a series of extraordinary circumstances stood in his way and prevented his timely filing in this Court, despite his own diligent efforts. See, *Holland v. Florida*, 560 U.S. 631, 649 (2010). First Beam asserts that the Gallatin County Attorney's Office and the Gallatin County Public Defender's Office work hand in hand, that the Gallatin County Detention Center is used by the prosecutor's office as a means to impede inmates' access to legal services, and that the Gallatin County Public Defenders purposely fail in performing their duties and act as agents of the prosecution. (Docs. 6 at 2; 7 at 1-3). Beam believes the conflation of these "facts" are why he failed to timely file. Again, a review of the state court docket defeats Beam's claims.

It appears that since the charges were originally filed against Beam in August of 2012, Beam has had six different attorneys and at times had moved the court to represent himself pro se. In conjunction with Beam's motion to withdraw his guilty plea, affidavits from five of Beam's attorneys were obtained and filed in the state court record (Docs. 142, 143, 146, 147, and 148). It also appears that these same attorneys provided testimony at a hearing held March 9, 2016. Beam was able at various points to file motions and requests pro se. It does not appear that his ability to access the legal system has been impaired, quite the contrary.

Moreover, Beam has failed to establish how he perceives this purported collusion between the various legal entities of Gallatin County formed an extraordinary circumstance that prevented him from timely filing in *this* Court. Because Beam has not made either requisite showing required, equitable tolling is not warranted here. See, *Holland*, 560 U.S. at 649.

Beam next seems to assert a claim of actual innocence: "[b]ased on the unsuspendable right to post conviction DNA testing that cannot be denied when it is based on the newly discovered evidence which presents the presumption of innocence and therefore the petitioner is entitled to relief." (Doc. 6 at 1). It is true that a showing of actual innocence may function as an equitable exception to the statute of limitations and allow a federal court to consider an otherwise time-barred claim. See, *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013). Tenable actual innocence gateway situations are rare: "A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 133 S. Ct. at 1928 (citing *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). To avail himself of this exception and thereby bypass the statutory bar, Beam must present "evidence of innocence so strong that a court cannot have confidence in the outcome of the [proceeding] unless the court is also satisfied the [proceeding] was free of nonharmless constitutional error." *Id.* at

1936 (quoting *Schlup*, 513 U.S. at 316).

In short, Beam has not made this demanding showing. As far as this Court can determine, Beam seeks to have DNA testing performed now, some four years after his voluntary plea of guilty. Beam wholly fails to explain what "new exculpatory evidence" he possessed. See, (Doc. 6 at 3). Aside from his desire to have this forensic testing performed, Beam has not presented any new evidence that would call his plea, conviction, or the constitutionality of his underlying proceedings into question.

Because Beam has failed to establish a cause as to why his petition should not be deemed time-barred, Beam's petition should be dismissed with prejudice.

### B. Procedural Default

A federal habeas court generally will not hear claims that have never been fairly presented in state court. By Beam's own acknowledgment, it appears that he has elected not to present his claims to the state courts. A state prisoner who fails to comply with the state's procedural requirements in presenting his claims is barred from obtaining a federal writ of habeas corpus by the adequate and independent state ground doctrine. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991) ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an

opportunity to address those claims in the first instance."). Where a procedural default constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for, and prejudice resulting from, the default. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

i. **Actual Innocence**

To demonstrate actual innocence Beam needs to "show that, in light of all the evidence, it is more likely than not that no reasonable juror would find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298 (1995). This standard "permits review only in the 'extraordinary' case," but it "does not require absolute certainty about the petitioner's guilt or innocence." *House v. Bell*, 547 U.S. 518, 538 (2006). The *Schlup* gateway requires a petitioner "to support his allegations of constitutional error with new reliable evidence- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence- that was not presented at trial." *Schlup*, 513 U.S. at 324. The habeas court then "consider[s] all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." *Lee*, 653 F. 3d at 938 (quoting *House*, 547 U.S. at 538).

Beam's actual innocence claim fails to excuse his procedural default. In

short, Beam does not present the extraordinary case contemplated by *Schlup*. He does not provide the requisite evidentiary support in the form of new and reliable evidence. In fact, Beam presents no evidence whatsoever, but simply expresses a desire to have DNA testing performed. Beam has no constitutional right to post-conviction access to DNA evidence. See, *Dist. Att'y's for Third Jud. Dist. v. Osborne*, 557 U.S. 52, 72 (2009). Beam's desire to have testing done which may be exculpatory, inconclusive, or could very well be inculpatory, is hardly the type of new reliable evidence contemplated by *Schlup*. Beam is not entitled to pass through this procedural gateway.

Moreover, it appears that what Beam is actually seeking is injunctive relief in the form of obtaining DNA testing; such relief lies outside the core of habeas. "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. §2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. §1979, as amended 42 U.S.C. §1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus." *Hill v. McDonough*, 547 U.S. 573, 579 (2006). Habeas is the exclusive remedy for the prisoner seeking "immediate or speedier release" from confinement. *Skinner v. Switzer*, 131 S. Ct. 1289, 1293 (2011). "Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under §1983." *Skinner*, 131 S. Ct. at 1293. This is

the situation facing Beam, even if he were to obtain injunctive relief, i.e., new DNA testing, the results may not necessarily spell speedier release. Thus, Beam's claim should be brought, if at all, under §1983.

### ii. Cause and Prejudice

To demonstrate cause for a procedural default, Beam must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, Beam must demonstrate that the default is due to an external factor that "cannot fairly be attributed to him." *Coleman*, 501 U.S. at 753. The "prejudice" prong is met if Beam can show that each error he alleges –was serious enough to undermine confidence in the outcome of the proceeding. *Smith v. Baldwin*, 510 F.3d 1127, 1148 (9th Cir. 2007) (en banc). Beam has not met either prong.

As discussed above, Beam has not persuaded this Court that the forces he believes to have conspired against him in Gallatin County were an external factor that prevented him from complying with the requisite procedural rules. Moreover, Beam has not shown that these alleged errors undermined this Court's confidence in the proceedings. Beam entered an apparent knowing and voluntary plea of guilty. Although Beam seems to believe he is entitled to DNA testing at this late date, he has presented nothing to this Court that would undermine this Court's confidence in his guilty plea or in the corresponding proceedings. Because Beam

can establish neither cause nor prejudice, his claims remain procedurally defaulted without excuse.

### Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Beam has not made a substantial showing that he was deprived of a constitutional right. Further, because he failed to present his claims to the state courts and failed to timely file his petition in this Court, reasonable jurists would find no basis to encourage further proceedings. There are no close questions and there is no reason to encourage further proceedings. A certificate of appealability

should be denied.

Based on the foregoing, the Court enters the following:

## ORDER

The Clerk of Court is directed to file a copy of the Gallatin County Case Register Report for Cause No. DC-16-2012-161-IN into the record.

## RECOMMENDATION

1. Mr. Beam's petition (Doc. 1) should be DISMISSED WITH PREJUDICE as time-barred and procedurally defaulted without excuse.

2. The Clerk of Court should be directed to enter, by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Beam may object to this Findings and Recommendation within 14 days.[4] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Beam must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in

---

[4] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.

dismissal of this action without notice to him.

DATED this 7th day of June, 2017.

_____
Jeremiah C. Lynch
United States Magistrate Judge