IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JAMEISON BEAM,<br><br>      Petitioner,<br><br>v.<br><br>JASON JARRET, ATTORNEY GENERAL OF THE STATE OF MONTANA;<br><br>      Respondents. | CV-17-23-BU-BMM-JCL<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS** |

Petitioner Jameison Beam has applied for writ of habeas corpus under 28 U.S.C. § 2254. United States Magistrate Judge Jeremiah Lynch issued Findings and Recommendations in this matter. (Doc. 8.) Judge Lynch recommended that the

1

Court dismiss Beam's petition with prejudice as time-barred and procedurally defaulted without excuse. *Id.* at 15.

Beam filed an objection. (Doc. 11.) The document contained no specific objections. The Court reviews de novo findings and recommendations to which objections are made. 28 U.S.C. § 636(b)(1)(C). Portions of findings and recommendations not specifically objected to are reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Although review for clear error should suffice here, the Court has nevertheless reviewed the Findings and Recommendations de novo. The Court concurs with Judge Lynch's Findings and Recommendations in full.

## I.   BACKGROUND

Beam challenges a conviction for sexual intercourse without consent imposed following a plea of guilty in Montana's Eighteenth Judicial District, Gallatin County, on July 15, 2013. (Doc. 1 at 1.) The court sentenced Beam to ten (10) years imprisonment with all of that time suspended. *Id.* at 3. Beam is currently incarcerated in the Gallatin County Detention Center for revocation proceedings related to his 2013 sentence. Beam did not file a direct appeal from the judgment of conviction. *Id.* at 2.

Beam alleges that the court denied post-conviction DNA testing and has newly discovered evidence which "presents the presumption of innocence." *Id.* at

2

5. Beam further asserts that he was denied effective assistance of counsel. *Id.* at 7. Beam contends that the trial court and the prosecutor's office have engaged in "criminal use of office." *Id.* at 8. Beam further alleges that he has been denied his right to life, liberty, and happiness. *Id.* at 10. Beam acknowledges that none of the four claims he advances in his petition have been fairly presented to the Montana state courts. *See Id.* at 5, 7-8, 9, 11-12.

## II.     DISCUSSION

Judge Lynch recommends that the Court dismiss Beam's petition with prejudice as both untimely and procedurally defaulted.

### A. Timeliness

A one-year limitations period applies to petitions filed by state prisoners under 28 U.S.C. § 2254. Beam did not file a timely notice of appeal in state court, therefore his conviction became final 60 days after entry of the written judgment, on Monday, September 16, 2013. *See* Doc. 1 at 1; Mont. R. App. P. 4(5)(b)(i) (2008); *Gonzalez v. Thaler,* _ U.S._, 132 S. Ct. 641, 653-54 (2012). Beam's federal limitations clock began running on that date. The Court agrees with and adopts Judge Lynch's analysis and determination that statutory tolling does not bring his claim within the one-year limitation. (Doc. 8 at 4-6.) The Court further agrees with and adopts Judge Lynch's analysis and determination that Beam has failed to show he is entitled to equitable tolling. *Id.* at 6-10. Beam's petition is untimely.

## B. Procedural Default

Beam acknowledges that he has not presented his claims in state court. The adequate and independent state ground doctrine bars a state prisoner from obtaining a federal writ of habeas corpus where he has failed to comply with the state's procedural requirements in presenting his claims. *Coleman v. Thompson,* 501 U.S. 722, 731-32 (1991) ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance.").

The Court may excuse a procedural default only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for, and prejudice resulting from, the default. *Murray v. Carrier,* 477 U.S. 478, 496 (1986). The Court agrees with and adopts Judge Lynch's analysis and determination that Beam demonstrated neither actual innocence, nor cause and prejudice. (Doc. 8 at 11-14.) Beam's claims are procedurally defaulted without excuse.

## III.   ORDER

Accordingly, **IT IS ORDERED** that Magistrate Judge Lynch's Findings and Recommendations (Doc. 8) is **ADOPTED IN FULL**. Beam's application for writ of habeas corpus (Doc. 1) is **DENIED** and shall be **DISMISSED WITH**

**PREJUDICE.** The Clerk of Court is directed to enter by separate document a judgment in favor of Respondents and against Petitioner. A certificate of appealability is **DENIED**.

DATED this 14th day of July, 2017.

Brian Morris
United States District Court Judge